**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NANCY CLAIRE FULLER,

*Plaintiff,*

v.

HEARTLAND REHABILITATION HOSPITAL, LLC d/b/a PAM Health Rehabilitation Hospital of Overland Park, and PAM HEALTH, LLC,

*Defendants.*

Case No. 26-cv-2115-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Angel D. Mitchell's Report and Recommendation ("R&R") recommending that Plaintiff Nancy Claire Fuller's Complaint be dismissed for lack of subject matter jurisdiction (Doc. 16). In addition, Fuller moves for sanctions (Doc. 24) against Defendant Heartland Rehabilitation Hospital d/b/a PAM Health Rehabilitation Hospital ("HRH") based on a false filing HRH made to this Court in another case and upon which Fuller relied in filing this case. For the following reasons, the Court adopts Magistrate Judge Mitchell's R&R and grants Fuller's Motion for Sanctions.

## I. Factual & Procedural Background

On February 27, 2026, Fuller filed a Complaint asserting negligence claims against Defendants HRH and PAM Health, LLC. The Complaint purports to invoke diversity jurisdiction,

alleging that Fuller is a Kansas citizen and Defendants are limited liability companies whose citizenship is determined by the citizenship of its members. On March 3, 2026, the Court entered an Order to Show Cause to determine if the parties are diverse that required Fuller to identify the respective citizenship of each of Defendants' members. Fuller's response to the Court's Order stated that Defendants are citizens of Pennsylvania as shown by the corporate disclosure statements Defendants filed in *Gowing v. PAM Health Rehabilitation Hospital of Overland Park*[1] on December 6, 2024. Specifically, HRH's corporate disclosure statement ("the *Gowing* disclosure") traced its ownership layer by layer to one Pennsylvania citizen.[2] Satisfied with Fuller's response, the Court thus issued an Order stating that Fuller sufficiently alleged facts showing complete diversity for subject matter jurisdiction purposes.

On March 23, 2026, Defendants HRH and PAM Health filed their Rule 7.1 disclosure statement in this case. That disclosure lists HRH as a citizen of both Pennsylvania and Kansas and identifies an additional sub-member not found the *Gowing* disclosure: the University of Kansas Hospital Authority ("UKHA").[3] The disclosure described the UKHA as "a body politic and corporate and independent instrumentality of the state of Kansas." The disclosure did not state, however, when the UKHA became a member of HRH.

---

[1] Case No. 24-cv-02505-HLT-RES.

[2] The *Gowing* disclosure showed that HRH was a Delaware limited liability company composed of the following two members: (1) PAM Squared at Overland Park, LLC and (2) Post Acute Medical at Overland Park, LLC. PAM Squared at Overland Park, LLC has one member: Anthony Misitano, who is domiciled in and a citizen of Pennsylvania. Post Acute Medical at Overland Park, LLC has one member: Post Acute Medical, LLC, a Delaware limited liability company. The sole member of Post Acute Medical, LLC is Anthony Misitano.

[3] Defendants' Rule 7.1 disclosure statement identifies HRH as a Delaware limited liability company composed of the following two members: (1) PAM Squared at Overland Park, LLC and (2) Post Acute Medical at Overland Park, LLC. Post Acute Medical at Overland Park, LLC itself has two members: (1) PAM Cubed, LLC, and (2) the UKHA, a Kansas citizen. The sole member of PAM Cubed, LLC, is an unnamed Pennsylvania citizen.

On March 24, 2026, the Court entered its Second Order to Show Cause. Fuller's response to that Order raised the discrepancy in the *Gowing* disclosure and the Rule 7.1 disclosure in this case. In their reply, Defendants attached an affidavit from Robert Tribeck, PAM Health's Chief Legal Officer, who swore he is "familiar with the corporate structure and organization of Heartland Rehabilitation Hospital, LLC d/b/a PAM Health Rehabilitation Hospital of Overland Park." The affidavit states that the UKHA became a sub-member of HRH on November 11, 2015, and that the UKHA was a sub-member of HRH, on February 27, 2026—the date the Complaint was filed.[4]

On May 4, 2026, Magistrate Judge Mitchell issued an R&R finding that diversity does not exist because Fuller alleges she is a Kansas citizen and Defendants' Rule 7.1 disclosure states that HRH is also a Kansas citizen by virtue of its sub-member, the UKHA. Thus, Magistrate Judge Mitchell recommended that Fuller's Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Three weeks later, the undersigned issued an Order stating that the discrepancy in HRH's membership between the two corporate disclosure statements creates a factual issue regarding HRH's citizenship and set an evidentiary hearing to resolve the issue. At the hearing, Mr. Tribeck testified on behalf of HRH and stated that the *Gowing* disclosure was inaccurate. He said that he first became aware of the inaccuracy "right around the time of my affidavit . . . April or May," adding "I believe my affidavit is dated April 27th or 28th." The Court asked Mr. Tribeck what had been done to correct the *Gowing* disclosure, and he responded that the *Gowing* case had settled and "[w]e have not done anything at this point."

[4] Tribeck's affidavit refers to HRH's relationship to Post Acute Medical at Overland Park, LLC, which is a sub-member of HRH. Specifically, paragraph five of the affidavit states in full: "The [UKHA] became a member of Post Acute Medical at Overland Park, LLC on November 11, 2015."

Concerned with HRH's false filing, the Court gave Fuller 14 days to file a motion for sanctions and retained "inherent jurisdiction to protect the integrity of the court." On July 30, 2026, Fuller filed her Motion for Sanctions seeking (1) an order requiring the *Gowing* disclosure to be corrected; (2) an award of fees and costs; (3) an order setting forth findings for counsel's disclosure obligations; and (4) any further remedial measures to prevent this error from occurring again.

## II. Report & Recommendation

Magistrate Judge Mitchell recommends that this case be dismissed for lack of subject matter jurisdiction because Fuller cannot establish complete diversity between the parties. "Federal courts are tribunals of limited jurisdiction with only those powers conferred by Congress."[5] Courts must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[6] The two statutory bases for subject matter jurisdiction are (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.

At issue here is whether Fuller can establish diversity jurisdiction. To do so, Fuller must show that the amount in controversy exceeds $75,000 and complete diversity in citizenship between all plaintiffs and all defendants.[7] In other words, Fuller must show she is a citizen of a different state from each Defendant.[8]

The Court agrees with Magistrate Judge Mitchell that complete diversity does not exist in this case. At the evidentiary hearing, Tribeck testified that the UKHA was a member of Post Acute

---

[5] *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (brackets omitted) (quoting *Wyeth Lab'ys v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)).

[6] *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)).

[7] 28 U.S.C. § 1332(a).

[8] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Medical Overland Park, LLC and thus a sub-member of HRH as of the date this lawsuit was filed. Mr. Tribeck further testified that the *Gowing* disclosure, which does not identify the UKHA as a sub-member of HRH, is inaccurate. Accordingly, both Fuller and HRH are Kansas citizens, and this Court lacks diversity jurisdiction.[9] The Court adopts the R&R and dismisses the case for lack of subject matter jurisdiction.

## III. Motion for Sanctions

During the July 16, 2026 hearing, the Court recognized that Fuller lost her federal forum because she relied upon the inaccurate *Gowing* disclosure to establish diversity jurisdiction. Admonishing HRH's dismissive response to its error, the Court characterized HRH's attitude toward Fuller's predicament as "oh well, that was wrong, too bad." Accordingly, the Court gave Fuller "14 days from today to file any motion in the nature of sanctions." Fuller now moves for sanctions requesting the Court order HRH to correct the *Gowing* disclosure and award Fuller the attorneys' fees and costs she incurred because of it. Specifically, Fuller seeks her attorneys' fees and costs from April 28, 2026—the date HRH failed to disclose to the Court that the *Gowing* disclosure was inaccurate.

### A. Authority to Impose Sanctions

Federal courts have "certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[10] Among these powers is the courts' "ability to fashion an appropriate sanction for conduct which abuses the

[9] In her Motion for Sanctions, Fuller accepts that diversity between the parties does not exist, and thus, the Court does not have subject matter jurisdiction.

[10] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

judicial process."[11] One of the sanctions a court may impose is an award of attorneys' fees.[12] The Supreme Court has held that this sanction is warranted when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[13]

A court may impose sanctions even after determining it lacks subject matter jurisdiction,[14] such as the case here. According to the Supreme Court, sanctions do not implicate a "constitutional concern because [they] 'do[] not signify a district court's assessment of the legal merits of the complaint.'"[15] "Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."[16] Thus, "[e]ven when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings."[17]

**B. HRH's Conduct**

Having evaluated the parties' briefs and the evidence presented on the record and at the hearing, the Court finds that sanctions are warranted against HRH based on its bad faith conduct concerning the *Gowing* disclosure. In response to the Court's Second Order to Show Cause, Fuller raised the discrepancy between the *Gowing* disclosure and HRH's Rule 7.1 disclosure. Specifically, Fuller argued that either (1) HRH's membership structure had changed from the time

---

[11] *Id*. at 107. (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

[12] *Chambers*, 501 U.S. at 45.

[13] *Id*. at 45–46 (internal quotation marks and citation omitted).

[14] *Willy v. Coastal Corp.*, 503 U.S. 131, 137–38 (1992).

[15] *Id*. at 138 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

[16] *Id*. (quoting *Cooter & Gell*, 496 U.S. at 395–396).

[17] *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014) (citing *Cooter & Gell*, 496 U.S. at 395–396).

the *Gowing* disclosure was filed in December 2024 to February 27, 2026, the date this lawsuit was filed, or (2) the *Gowing* disclosure was inaccurate when filed.

HRH's reply to Fuller's response offered only a limited explanation as to what happened. Paragraph five of Tribeck's affidavit states: "The [UKHA] became a member of Post Acute Medical at Overland Park, LLC on November 11, 2015." At most, this statement establishes that the UKHA was a sub-member of HRH at the time the *Gowing* disclosure was filed. It does not, however, address the discrepancy between the two filings. Nor does HRH's reply brief address or acknowledge the discrepancy either.

HRH had an opportunity to clarify the record. It could have acknowledged that the *Gowing* disclosure was inaccurate and explained why. Or, it could have sought to correct the *Gowing* disclosure. Instead, HRH avoided the issue, leaving the Court with no choice but to conduct an evidentiary hearing to determine why such discrepancy existed between the two disclosure statements and whether HRH was in fact a Kansas citizen. HRH's failure to provide a candid explanation, especially when such information is relevant to the Court's determination of subject matter jurisdiction, constitutes bad faith and is an abuse of the judicial process.

HRH argues that sanctions are not warranted because its previous attorneys filed the *Gowing* disclosure, and those attorneys do not represent HRH in this case. The Court, however, is not imposing sanctions based on the original false disclosure, but on HRH's conduct toward the Court once the discrepancy between the two filings was put before it. To be sure, the Court does not excuse negligent mistakes in Rule 7.1 disclosures. And, the burden of filing a correct disclosure

ultimately rests with the party, regardless of who prepared or filed it.[18] But the Court's sanction here is not based on HRH's or its attorneys' conduct at the time of the *Gowing* filing.

Accordingly, the Court finds that HRH's conduct after the Gowing disclosure was called into question was undertaken in bad faith and warrants the imposition of sanctions.

**C. Sanctions Imposed**

Fuller asks the Court to award her the attorneys' fees she has incurred since April 28, 2026. An order to pay the other party's legal fees is "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith."[19] Here, Fuller demonstrates that since April 28, 2026, she incurred fees preparing for the evidentiary hearing, attending the evidentiary hearing, and preparing her motion for sanctions. All these fees could have been avoided had HRH candidly disclosed the falsity of the *Gowing* affidavit in its reply to the Second Order to Show Cause. Thus, the Court grants Fuller's request for attorneys' fees. Fuller should submit, within 10 days, a detailed itemization of the fees she has incurred since April 28, 2026. HRH has five days to object to Fuller's submission. The Court will review the submission and any objection filed and determine an appropriate award.

The Court also orders HRH to file a supplemental Rule 7.1 disclosure in the *Gowing* case. The record in *Gowing* remains inaccurate, and a supplemental Rule 7.1 disclosure cures this inaccuracy. Furthermore, requiring HRH to file a supplemental disclosure does not impose an additional substantive burden on it. HRH is only required to correct information that it now knows is inaccurate and has already affected the Court's consideration of subject matter jurisdiction.

---

[18] See Fed. R. Civ. P. 7.1(a)(2) (stating that in an action based on diversity jurisdiction, "*a party* . . . must, unless the court orders otherwise, file a disclosure statement (emphasis added)).

[19] *Goodyear Tire & Rubber Co*, 581 U.S. at 104.

HRH disputes the Court's jurisdiction to order HRH to take any action in *Gowing* because that case has been closed for over a year. But it is well established that a district court may consider collateral issues after a case is no longer pending.[20] The supplemental disclosure concerns a collateral matter arising from *Gowing* and does not require the Court to reopen the case or adjudicate any issue on the merits. The Court therefore orders HRH to file a supplemental Rule 7.1 disclosure in *Gowing*, identifying every individual or entity whose citizenship is attributed to HRH, within 10 days of entry of this Order.

**IT IS THEREFORE ORDERED** that the Court adopts the Report and Recommendation (Doc. 16), and Fuller's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Fuller's Motion for Sanctions (Doc. 24) is **GRANTED**. Within 10 days of this Order, Fuller must submit a detailed itemization of the attorneys' fees she seeks since April 28, 2026. HRH has five days to file objections to Fuller's submission.

**IT IS FURTHER ORDERED** that within 10 days of this Order, HRH must file a supplemental Rule 7.1 disclosure in the *Gowing* case setting forth every individual or entity whose citizenship is attributed to HRH.

**IT IS SO ORDERED**.

Dated this 9th day of October, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

[20] *See Cooter & Gell*, 496 U.S. at 395–96 (1990) (stating that a federal court may consider collateral issues, such as an award of costs, after an action is no longer pending).