**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NANCY CLAIRE FULLER,

*Plaintiff,*

vs.

HEARTLAND REHABILITATION HOSPITAL, LLC d/b/a PAM HEALTH REHABILITATION HOSPITAL OF OVERLAND PARK, AND PAM HEALTH, LLC,

*Defendants.*

Case No. 26-cv-2115-EFM-ADM

## MEMORANDUM AND ORDER

On October 13, 2026, the Court granted Plaintiff Nancy Claire Fuller's motion for sanctions against Defendant Heartland Rehabilitation Hospital, LLC ("HRH").[1] The Court found that HRH failed to candidly disclose the falsity of a corporate disclosure statement HRH filed in another case in this District. As a sanction, the Court ordered HRH to pay Plaintiff her reasonable attorney fees incurred from the date HRH should have notified the Court of the falsity of the disclosure, *i.e.*, April 28, 2026. The Court ordered Plaintiff to submit a detailed itemization of her fees by October 23, 2026, and gave HRH five days to file objections. Plaintiff timely submitted

[1] Although the case is in its infancy, the procedural background is somewhat complex. Because the Court thoroughly set forth this background in its October 13, 2026 Order, it directs the parties to that Order for a full recitation of the facts.

her itemization, seeking $7,505.00 for 15.8 hours of work performed by her counsel (Doc. 28). Defendant did not file any objections.

The Court must determine whether Plaintiff reasonably incurred $7505.00 in fees since April 28, 2026. In doing so, the Court will follow the familiar "lodestar" analysis.[2] Under this analysis, a presumptively reasonable attorney's fee is the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[3]

**A. Reasonable Time Expended**

In its October 13, 2026 Order, the Court identified the work Plaintiff's counsel was required to perform because of HRH's misconduct. Specifically, the Court noted that Plaintiff's counsel was required to prepare for an evidentiary hearing regarding HRH's citizenship, attend the evidentiary hearing, and prepare Plaintiff's motion for sanctions. Plaintiff's counsel has submitted a detailed chart setting forth the time it took to perform this work. That chart shows that counsel expended 4.8 hours to prepare for and attend the hearing, one hour to review the transcript of the hearing, 9.5 hours to research, and draft the motion for sanctions, and 0.5 hours to read HRH's response to the motion for sanctions.

Plaintiff concedes in her Motion that her counsel did not keep contemporaneous time records in this case because he represented her on a contingent fee basis. A court gives

[2] *See Fish v. Kobach*, 2018 WL 3647132, at *3 (D. Kan. 2018) (using the "lodestar" figure as a starting point for determining the amount of attorneys' fees to be awarded as a sanction in a civil contempt proceeding); *QC Holdings, Inc. v. Diedrich*, 2003 WL 21518154, at *1 (D. Kan. 2003) (same).

[3] *Fish*, 2018 WL 3647132, at *3 (quoting *Anchondo v. Anderson, Crenshaw & Assoc.*, 616 F.3d 1098, 1102 (10th Cir. 2010); *see also Diedrich*, 2003 WL 21518154, at *1 (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)).

reconstructed time special scrutiny and may reduce it, when appropriate.[4] The court, however, may still award fees based on a reconstructed record[5] and "may use estimates in calculating and allocating an attorney's time."[6] After scrutinizing Plaintiff's chart, the Court finds 15.8 hours to a reasonable amount of time for the work performed. Each entry on the chart is verified by a docket entry or exhibit. Counsel also declares in his affidavit that where the record shows the work, but not the amount of time he spent performing it, counsel conservatively estimated his time.

Additionally, Plaintiff made a "good faith effort to exclude from [Plaintiff's] fee request hours that are excessive, redundant, or otherwise unnecessary."[7] Plaintiff noted in her Motion that she did not seek fees for the initial reading of Defendants' April 28 Reply to Magistrate Judge Mitchell's Second Order to Show Cause or of the Report and Recommendation. Nor did Plaintiff seek fees for attorney/client communications or for reviewing the Court's October 13, 2026 Order.

Accordingly, the Court concludes that Plaintiff has demonstrated 15.8 hours to be a reasonable amount of time spent preparing for the evidentiary hearing, attending the hearing, and preparing the motion for sanctions.

**B. Reasonable Hourly Rate**

The Court next must determine the reasonable hourly rate. This determination requires the Court to

> establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing

[4] *Ramos v. Lamm*, 713 F.2d 546, 553 n.2 (10th Cir. 1983), *disapproved of on other grounds, Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 729 (1987).

[5] *Id.*

[6] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017) (quotation omitted).

[7] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

> rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees.[8]

A reasonable hourly rate comports with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[9] A district judge may consider his "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate."[10]

Plaintiff's chart proposes an hourly rate of $475. Plaintiff's counsel has submitted an affidavit stating that he has practiced law since 2010 and owned his own firm since 2015. His practice focuses on nursing home abuse, neglect, and wrongful death cases, which he has litigated across Kansas, Missouri, and Oklahoma. In surveying the decisions in this market, Judge Crabtree has found that "[t]his court's cases assessing this market have found hourly rates between $175 to $625 reasonable based on the attorney's experience for litigation."[11] In that same decision, the Court found $410 reasonable for a litigator with 16 years of experience whom the opposing party described as having no particular experience in the field, and $500 reasonable for attorneys with long experience in the field itself.[12] Therefore, based on Plaintiff's experience and the prevailing market rates, the Court finds $475 to be a reasonable rate.

**C. Total Lodestar**

The lodestar figure is calculated as follows: 15.8 hours x $475=$7,505.00

---

[8] *Sussman v. Patterson*, 108 F.3d 1206, 1211 (10th Cir. 1997) (quoting *Ramos*, 713 F.2d at 555).

[9] *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

[10] *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994)).

[11] *M.B. v. Howard*, 555 F Supp. 3d 1047, 1063 (D. Kan. 2021) (collecting cases).

[12] *Id*. at 1065–67.

After determining the lodestar amount, the court may consider other factors that may adjust the fee upward or downward. These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.[13]

While the court may consider these factors, it does not need to consider "the factors [ ] subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[14] No adjustment to the lodestar is necessary because the factors are either subsumed by the lodestar calculation or inapplicable.

Based on all of the above, the Court awards Plaintiff $7,505.00 in attorney fees as a sanction for HRH's misconduct found by the Court in its October 13, 2026 Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 28) is **GRANTED**. Heartland Rehabilitation Hospital, LLC, is ordered to pay Plaintiff $7,505.00 in attorney fees no later than December 21, 2026.

**IT IS SO ORDERED**.

Dated this 24th day of November, 2026.

This case is closed.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *Fish*, 2018 WL 3647132, at *8 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

[14] *Id*. (quoting *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016)).